**[J-82-2021] [MO: Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

PENNSYLVANIA ENVIRONMENTAL
DEFENSE FOUNDATION,

                Appellant

                v.

COMMONWEALTH OF PENNSYLVANIA,
AND TOM WOLF, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF
PENNSYLVANIA,

                Appellees

:  No. 65 MAP 2020
:
:
:  Appeal from the Order of the
:  Commonwealth Court at No. 358
:  MD 2018 dated October 22, 2020.
:
:  ARGUED:  December 8, 2021
:
:
:
:
:
:
:
:
:

## CONCURRING OPINION

**JUSTICE MUNDY**                            **DECIDED: August 5, 2022**

I join the Majority Opinion. I write separately to note my position with regard to the Commonwealth's use of funds generated from leasing the oil and gas rights of state land.

Article I Section 27 of the Pennsylvania Constitution, the Environmental Rights Amendment (ERA), states

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment.  Pennsylvania's public natural resources are the common property of all the people, including generations yet to come.  As the trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the People.

PA. CONST. art. 1, § 27.  In *PEDF v. Commonwealth*, 161 A.3d 911 (Pa. 2017) (*PEDF II*), we explained that the ERA established "a public trust, pursuant to which the natural

resources are the corpus of the trust, the Commonwealth is the trustee, and the people are the named beneficiaries." *PEDF II*, 161 A.3d at 931-32.

As trustee, the Commonwealth should not be required to appropriate all funds obtained through oil and gas leases on state forest and park land solely to remediate or cure environmental damage caused by extraction of oil and gas.  The Conservation and Natural Resources Act ("CNRA") gives the Department of Conservation and Natural Resources ("DCNR") authority to enter into oil and gas leases for state forest and park land. These lands are clearly part of the trust created by Section 27.  Therefore, as the Majority observes, the Commonwealth has a duty as trustee to treat these lands with loyalty, impartiality, and prudence.  Majority Opinion at 11 (citing *PEDF II*, 161 A.3d at 932).  Consistent with this duty, the CNRA directs that DCNR may only lease state park and forest land "whenever it shall appear to the satisfaction of [DCNR] that it would be for the best interest of the Commonwealth to make such disposition of those minerals."  77 P.S. §§ 1340.302(6) (State Forests), 1340.303(9) (State Parks).  If the granting of such leases would cause such environmental damage to the extent that all proceeds acquired from those leases were needed to remediate and cure such environmental damage, it would be difficult, if not impossible, for DCNR to argue that granting those leases was in the best interest of the Commonwealth.  As long as DCNR complies with its statutory obligation to only enter into oil and gas leases that are in the best interest of the Commonwealth there should be lease funds available for use beyond that needed for environmental remediation.  In my view, the Commonwealth acts consistent with its trustee duties by allocating those funds for trust purposes beyond remediating and curing environmental damages related to the extraction of the oil and gas.